UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WALDO WILLIAMS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| | ) |
| vs. | )     CASE NO. 4:20CV1339 HEA |
| | ) |
| EQUIFAX INFORMATION SERVICES, | ) |
| et al. | ) |
| | ) |
|     Defendants, | ) |
| | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on a Motion to Dismiss Counts III and IV filed by Defendant Defense Finance and Accounting Service ("DFAS"). [Doc. No 9]. Plaintiff has filed a response to which DFAS has filed a reply.  The Court finds the matter ripe for consideration.

**Facts and Background**

Plaintiff filed this action alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et* seq. (FCRA) against defendants for inaccurately reporting their tradelines with an erroneous scheduled monthly payment amount on Plaintiff's Equifax and Trans Union credit disclosures.  Specifically, with respect to DFAS, Plaintiff alleges DFAS is inaccurately reporting Errant Tradeline with an

erroneous scheduled monthly payment amount of $2,058.00 on Plaintiff's Trans Union credit disclosure.

DFAS filed the instant Motion to Dismiss, arguing that the Court lacks subject matter jurisdiction based upon sovereign immunity.

## Discussion

DFAS moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction based on the doctrine of sovereign immunity. Fed. R. Civ. P. 12(b)(1). The doctrine of sovereign immunity bars private civil actions against the United States, unless the party bringing the action can show that the United States has expressly waived its immunity for the type of claim that is being raised. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena*, 518 U.S 187, 192 (1996). "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.* A court must "construe ambiguities in favor of immunity." *Id.*

Under the FCRA's general civil enforcement provisions, "[a]ny person" who willfully or negligently fails "to comply with any requirement imposed under [1681 *et seq.*] is liable to [the] consumer" for damages. 15 U.S.C. §§ 1681n-1681o.

The statute defines "person" to include "any ... government or governmental subdivision or agency." 15 U.S.C. § 1681a(b).

DFAS, a government agency, contends that the Court lacks subject matter jurisdiction to hear Plaintiff's claims because the federal government has not waived sovereign immunity, and therefore, it is protected against private civil liability arising from violations of the FCRA. Plaintiff argues that the FCRA unambiguously waives the government's sovereign immunity because the definition of "person" in the FCRA's private civil enforcement provision includes the terms "government or governmental subdivision or agency."

The Eighth Circuit has not addressed the issue of whether the FCRA waives sovereign immunity, and the circuits differ on this issue. The most recent opinion on this issue comes from the Fourth Circuit, which relied on the interpretive presumption, as discussed by the Supreme Court in *Vt. Agency of Nat. Res. v. U.S. ex rel. Stevens*, 529 U.S. 765, 780 (2000), that " 'person' does not include the sovereign." The Fourth Circuit concluded that, despite the statutory definition, it could plausibly read "person" to not include the federal government. *Robinson v. United States Dep't of Educ.*, 917 F.3d 799, 802-03 (4th Cir. 2019). Further, the Circuit Court observed that the opposite interpretation would lead to absurd results in other FCRA enforcement provision. For example, if the federal government were a "person," it could be liable under the FCRA for federal criminal charges. *Id*.

3

at 804. The Fourth Circuit also noted that reading "person" to include the federal government would render superfluous a more limited sovereign-immunity waiver in one of the FCRA's specific civil enforcement provisions, 15 U.S.C. § 1681u(j), which makes "[a]ny agency or department of the United States ... liable to a consumer" for damages when it unlawfully discloses the consumer's credit information to the Federal Bureau of Investigation. *Id.* at 803-04. Comparing this express language and other sovereign-immunity waivers recognized by the Supreme Court with the language of § 1681n and § 1681o, the Fourth Circuit held that the FCRA's general civil enforcement provisions do not clearly waive the federal government's sovereign immunity.

Based on similar reasoning, the Ninth Circuit also concluded that the FCRA's general civil enforcement provisions do not waive federal sovereign immunity. *Daniel v. Nat'l Park Serv.*, 891 F.3d 762 (9th Cir. 2018) (holding that, when construing the FCRA as a whole, the statute is "ambiguous with respect to whether Congress waived immunity" and noting that reading "person" to include the federal government would lead to unusual results). The Seventh Circuit, however, has reached the opposite conclusion. In *Bormes v. United States*, 759 F.3d 793 (7th Cir. 2014), the Seventh Circuit held that the FCRA waived sovereign immunity. The Seventh Circuit reasoned that because the FCRA defined "person" to include "any ... government or governmental subdivision or agency" in §

4

1681a(b), and the remedy provision of § 1681n applies to "any person," this operated as a waiver of sovereign immunity. *Bormes*, 759 F.3d at 795.

Having reviewed the decisions discussed above, the Court finds the reasoning of the Fourth and Ninth Circuits more persuasive. As the Court in both *Robinson* and *Daniel* noted, the Court must view the FCRA as a whole. The *Bormes* court did not do so, because it did not address important anomalies created by treating the federal government as a person across the FCRA, like the imposition of punitive damages and criminal penalties. *Daniel*, 891 F.3d at 773-74 (treating the United States as a person would subject the sovereign to criminal penalties (§ 1681q), permit the sovereign to be investigated by its own agencies and state governments (§ 1681s), and permit punitive damages (§ 1681n)). The *Bormes* court also failed to address the fact that there are express waivers of sovereign immunity in other provisions of the FCRA. Further, the Seventh Circuit has seemingly questioned the reasoning applied in *Bormes* where it held that the FCRA's general civil enforcement provisions do not abrogate tribal sovereign immunity. *Meyers v. Oneida Tribe of Wis.*, 836 F.3d 818 (7th Cir. 2016). In the *Meyers* court's view, the ordinary meaning of "government," as used in the FCRA's definition of "person," clearly encompasses the federal government but does not include Indian tribes. *Id.* at 826-27.

5

Following the reasoning in both *Robinson* and *Daniel*, the Court finds that because the FCRA does not expressly waive sovereign immunity for liability, and is at best ambiguous, Plaintiff's FCRA claim against DFAS should be dismissed for lack of subject matter jurisdiction. *See, Golden v. Hood,* No. 4:20-CV-4052, 2020 WL 7321072, at *1–3 (W.D. Ark. Dec. 11, 2020)(agreeing with *Robinson* and *Daniel*); *Jones v. U.S. Dep't of Educ.*, No. 4:19-CV-02897-JAR, 2020 WL 1512092, at *3 (E.D. Mo. Mar. 30, 2020)("nearly every court to consider the issue has found that there is no clear waiver in the text of the statute."); *Stellick v. U.S. Dept. of Educ.*, No. 11-0730, 2013 WL 673856, at *3 (D. Minn. Feb. 25, 2013) (explaining several reasons FCRA does not expressly waive sovereign immunity); *Gillert v. U.S. Dept. of Educ.*, No. 08-6080, 2010 WL 3582945, at *3 (W.D. Ark. Sept. 7, 2010) (same).

## Conclusion

For the reasons stated above, the Court finds that DFAS's Motion to Dismiss is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant DFAS's Motion to Dismiss, [Doc. No. 9] is **GRANTED**.

**IT IS FURTHER ORDERED** that Counts III and IV are dismissed with prejudice.

**IT IS FURTHER ORDERED** that Defendant Defense Finance & Accounting Service is dismissed from this action.

A separate order of dismissal is entered this same dated.

Dated this 12th day of August 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE